LEWIS STEIN vs. CHARLES W. HASTINGS.

January 5, 1891.

**Verdict—Evidence.**—Evidence *held* sufficient to justify the verdict.   Sundry unimportant exceptions considered.

Action brought in the municipal court of Minneapolis, to recover possession of one horse and one set of single harness, of the value of $150.    Both parties claimed under one Hildreth, plaintiff under a chattel mortgage for $800 on this and other property, the defendant as a subsequent purchaser, and the issue at the trial was whether the mortgage debt had been paid.    The plaintiff had a verdict, and the defendant appeals from an order refusing a new trial.

*Merrick & Merrick*, for appellant.

*Freeman P. Lane*, for respondent.

MITCHELL, J.  The only issue in this case was whether the $800 note, secured by the chattel mortgage, under which plaintiff claimed the property in suit, had been fully paid.   The principal evidence on this question was the conflicting testimony of the mortgagor and the mortgagee's agent, who transacted the business for him.   The testimony of both is very indefinite and unsatisfactory, and, on some matters, so confused that we have difficulty in fully understanding it.   But, if the jury believed the mortgagor, as they might, his testimony was sufficient to justify the verdict, as he testified to payments enough to pay this $800 note, as well as another for $1,000, upon both of which the most of the payments seem to have been made generally.

There are 18 errors assigned in the rulings of the court in the admission or rejection of evidence.   As counsel for appellant, in his brief, advances no arguments in support of his contentions beyond merely repeating, in substance, the language of the assignments of error, we do not feel called on to consider them at any length.   Ten of them arise upon objections made to questions asked on cross-examinations of plaintiff's agent and witness.   We are unable to see that any of these questions exceeded the bounds of legitimate cross-examinations.   The inquiries regarding the $1,000 note were proper,

for the reason that most of the payments were made generally on the two notes; and hence there was no means of proving that one had been paid, without showing that both had. And, for a similar reason, it was competent to show what entered into the $800 note for the purpose of proving, as defendant claimed, that $100 of its proceeds was applied to the $1,000 note. Exhibits J, L, K, and M were all properly excluded,—J, because it bore no date, and it would only be material as an admission by the mortgagor if made after the time he testified the note had been paid; L and K, because their contents were irrelevant; and M, because sent before the time the mortgagor claimed that the notes were paid in full.

The other assignments of error require no special notice. As we find no error in the record, the order appealed from must be affirmed.